IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH L. TONGEL )
) No. 20-1192
v.

KILOLO KIJAKAZI,
Acting Commissioner
of Social Security

**OPINION AND ORDER**

**SYNOPSIS**

In this action, Plaintiff filed an application for disability insurance and disability benefits under Title II of the Social Security Act, based on physical and mental impairments, including those related to fibromyalgia and thyroid cancer. His date last insured was 2016. Plaintiff's application was denied initially and upon hearing by an Administrative Law Judge ("ALJ"), at which Plaintiff was not represented by counsel. The Appeals Council denied his request for review. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be granted, and Defendant's denied, and this matter remanded for further proceedings.

**OPINION**

**I.    STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the

1

district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). Substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620, 86 S. Ct. 1018, 16 L. Ed. 2d 131 (1966).  If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered.  Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947).  Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, No. No. 10-6540, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II.     THE PARTIES' MOTIONS

Plaintiff makes several assignments of error. He notes that the ALJ did not mention

reports of Plaintiff's mental health counselors, Tracey L. Melodia, MA, LPC, and Kristen Walker, LPC, or the statement of his childhood best friend, Greg Muckle. Plaintiff also challenges the ALJ's decision to give little weight to the opinions of Drs. Chaney and Getz and therapist Davis. He also claims that the ALJ "cherry picked" or mischaracterized evidence, particularly evidence regarding Plaintiff's treatment compliance, activities, and treatment history. Plaintiff urges that these alleged errors be considered in light of the heightened duty applicable in the context of unrepresented claimants. In that vein, "the ALJ owes an unrepresented claimant a duty to develop the record, which requires that the ALJ 'scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts.'" Isaac v. Astrue, Civil Action No. 08-1661, 2009 U.S. Dist. LEXIS 44914, at *32-33 (W.D. Pa. May 28, 2009) (quoting Reefer v. Barnhart, 326 F.3d 376, 380 (3d Cir. 2003)).

      Defendant acknowledges that the ALJ did not refer to the evidence supplied by Ms. Melodia, Ms. Walker, and Mr. Muckle, but contends that the failure was harmless. In that regard, Defendant argues that the evidence was either duplicative of other evidence considered or, in the case of Ms. Walker, post-dated the pertinent time frame. It is true that an ALJ is not required to discuss or cite to every piece of evidence in the record. Cf. Dease v. Saul, No. 18-5106, 2020 U.S. Dist. LEXIS 56392, at *26 (E.D. Pa. Mar. 31, 2020). In addition, an ALJ may consider medical evidence post-dating the DLI if that evidence concerns a claimant's disability prior to that date. Benson v. Comm'r of Soc. Sec., No. 11-4629, 2012 U.S. Dist. LEXIS 106553 (D.N.J. July 30, 2012). With regard to lay testimony, one Court has stated as follows:

> When an ALJ is considering a pain and credibility assessment, the ALJ "must consider the entire case record, including . . . statements and other information provided by . . . other persons about the symptoms and how they affect the individual." … Lay witnesses, such as a family member or friend, may provide statements about how a claimant's daily life and ability to work are affected by

3

> these symptoms. … A lay witness must be evaluated by the ALJ in a way that allows a subsequent reviewer to follow his line of reasoning.

Dowell v. Berryhill, Civil Action No. 2:16-CV-1857, 2017 U.S. Dist. LEXIS 151503, at *13 (D.S.C. Sep. 18, 2017).

In many cases, the failure to mention evidence of record is patently harmless, Here, although the ALJ conducted a generally thorough and competent review of the evidence, I am unable to conduct a meaningful, conclusive assessment. It is unclear whether the subject evidence was rejected or ignored, and whether it would have impacted the ALJ's credibility or other determinations. For example, the ALJ determined that Plaintiff's statements concerning his symptoms were not entirely consistent with the record, and that Plaintiff's allegations were "out of proportion to and inconsistent with the evidence of record." Defendant urges that Mr. Muckle's statement was duplicative of Plaintiff's own statement. In addition, the ALJ's decision repeatedly refers to the time period "through the date last insured," and makes no reference to evidence from outside that time period. While Ms. Walker's statement indicates that she began working with Plaintiff on a weekly basis in May, 2018, she refers to his PTSD, depressive disorder, and anxiety disorder. These diagnoses apparently relate, in part, to Plaintiff's military service, and the ALJ recognized each of them as severe impairments during the time pertinent to the disability claim.

In light of the circumstances of this particular case, this matter will be remanded so that the ALJ may take the opportunity to explain his assessment, or assess in the first instance, the evidence discussed supra. On remand, the ALJ should take the opportunity to reassess or more closely examine other considerations relating to Plaintiff's credibility and the overall analysis. In particular, the Court harbors some concerns about the ALJ's failure to address the circumstances

surrounding Plaintiff's alleged symptom exaggeration, daily activities, and treatment and compliance history as addressed in Plaintiff's brief.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion will be granted and Defendant's denied. This matter will be remanded for further proceedings consistent with the foregoing Opinion. An appropriate Order follows.

BY THE COURT:

_Donetta F. Ambrose_
_____

Donetta W. Ambrose
Senior Judge, U.S. District Court

Dated: 8/26/21

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH L. TONGEL )
) No. 20-1192
    v.

KILOLO KIJAKAZI,
Acting Commissioner
of Social Security

# ORDER

AND NOW, this 26th day of August, 2021, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is granted, and Defendant's denied. This matter is remanded for further proceedings consistent with the foregoing Opinion.

                              BY THE COURT:

                              */s/ Donetta W. Ambrose*

                              Donetta W. Ambrose

                              Senior Judge, U.S. District Court